# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN S. BULGARA,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00804-DAD-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Juan S. Bulgara, Jr., is a pretrial detainee proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint filed on June 13, 2018. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a pretrial detainee in the custody of the Lerdo Pre-Trial Facility in Bakersfield, California. On June 7, 2016, at approximately 10:00 p.m., Plaintiff was in a vehicle driven by Omar Villagomez. (Compl. 6,[1] ECF No. 1.) They were parked in a parking lot located at 7201 W. Main Street in Turlock, California. (Id.) Plaintiff and Mr. Villagomez were the target of an undercover sting operation by officers of the Stanislaus Drug Enforcement Agency, Modesto Police Department, and Turlock Police Department. (Id.)

After interacting with an undercover officer, they noticed an unmarked white truck driven by two unknown individuals pulling up at high speed. (Id.) Fearing that they were going to be attacked, Mr. Villagomez attempted to drive away from the truck and collided with it. (Id.) Two

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

unknown officers exited the truck, and without identifying themselves as officers, fired two high caliber assault rifles into the vehicle. (Id.) The driver of the vehicle was shot and killed. (Id.) Plaintiff did not attempt to flee and he raised his hands in the air, informing the officers that the driver was injured and needed an ambulance. (Id.) Officers began firing again and Plaintiff was hit by a projectile causing significant physical injury. (Id.)

Plaintiff brings this action against the County of Stanislaus; Stanislaus County Sheriff's Department; Modesto Police Department; Turlock Police Department; Galen Carrol, Chief of Modesto Police Force; Ninus C. Amirsar, Chief of Turlock Police Department; Adam Christianson, Sheriff of the County of Stanislaus; and three unidentified agents of the Stanislaus County Drug Enforcement Agency alleging excessive force in violation of the Fourth Amendment and state law claims of assault and battery. Plaintiff is seeking monetary damages.

For the reasons discussed below, Plaintiff has failed to state a cognizable claim. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.

**III.**

**DISCUSSION**

**A.    Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

3

1. Supervisory Liability

There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Id.

Plaintiff alleges that Defendants Carrol, Amirsar, and Christianson are responsible for hiring, training, conduct, supervision and discipline of the unidentified officers. (Compl. 4-5.) Plaintiff also alleges that these defendants are responsible for enforcing the regulations of the agency that they supervise. (Id.) Plaintiff has not alleged any personal involvement by Defendants Carrol, Amirsar, and Christianson in the July 7, 2016 incident. The complaint is devoid of any facts to impose individual liability on the supervisory defendants nor has he linked them to any policy that was the moving force behind the alleged constitutional violation. Crowley, 734 F.3d at 977.

2. Municipal Liability

Plaintiff also alleges that Stanislaus County has failed to curb the pattern of excessive force by officers in the past creating an informal policy or custom that excessive force will be condoned through the systematic failure to reprimand excessive force violations. (Compl. at 6.) However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594

F.3d 707, 713 (9th Cir. 2010).

Here, Plaintiff is not alleging that the County has a policy for officers to use excessive force, but that a policy or custom exists because the County fails to reprimand officers who use excessive force. Under this theory of liability, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

Here, Plaintiff has merely stated that a policy exists without alleging any facts by which the Court can reasonably infer that such a policy exists or that the municipalities policy makers were on actual or constructive notice. Plaintiff's conclusory allegation that a custom or policy exists is not entitled be accepted as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable claim. Id. (quoting Twombly, 550 U.S. at 555). Plaintiff's complaint sets forth a single incident of the use of force during a sting operation in which the driver of the vehicle attempted to flee and collided with the officers' vehicle. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiff has failed to include any factual allegations by which the Court could reasonably infer that a custom or policy of excessive force exists. Iqbal, 556 U.S. at 678-79.

3. Official Capacity Claims

Plaintiff brings this action against Defendants Carrol, Amirsar, Christianson, and the unidentified officers in their individual and official capacities. "Local government officials may

be liable in their official capacities under § 1983 where their 'action pursuant to official municipal policy of some nature caused a constitutional tort.' " Butler v. Elle, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002) (quoting Monell, 436 U.S. 691). An official-capacity suit "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. 590 n.55). To be liable for an official capacity claim, the entity itself must be the moving force behind the deprivation and the entity's "policy or custom" must have played a part in the violation of federal law. Graham, 473 U.S. at 166.

As discussed above, Plaintiff has failed to allege sufficient facts for the Court to reasonably infer that a custom or policy exists which caused the violation of his constitutional rights. Iqbal, 556 U.S. at 678-79. Plaintiff has failed to state an official capacity claim against any named defendant.

The Court considers next whether Plaintiff has stated an individual capacity claim against the unidentified officers.

4. Excessive Force in Violation of the Fourth Amendment

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014); Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008). The reasonableness inquiry in excessive force cases is whether the officer's actions were " 'objectively reasonable' in light of the facts and circumstances confronting" him. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010) (quoting Graham v. Conner, 490 U.S. 386, 396 (1989)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.

The "relevant factors in the Fourth Amendment reasonableness inquiry include '[1] the

severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.' " Smith, 394 F.3d at 701 (quoting Graham, 490 U.S. at 396). The Supreme Court has held that where an officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or to others, it is not unconstitutionally unreasonable to use deadly force. Tennessee v. Garner, 471 U.S. 1, 12 (1985).

Fourth Amendment rights are personally rights that cannot be asserted vicariously. Plumhoff, 134 S. Ct. at 2022. Therefore, Plaintiff cannot base his Fourth Amendment claim on the force used against the decedent who was driving the vehicle that collided with the police car. Here, Plaintiff alleges that he was hit by "projectiles" when the officers fired at the driver of the vehicle. Plaintiff does not include any allegations that he was subjected to excessive force, but rather appears to allege that he was injured by the force used to stop the driver of the vehicle. Plaintiff has failed to state a cognizable claim for excessive force.[2]

Further, Plaintiff brings this action against three unidentified officers, but his complaint fails to allege what each of the officers did to violate his federal rights. In amending his complaint, Plaintiff shall be required to identify the officers and the actions for which he is seeking to hold them liable. For example, Plaintiff should identify the officers as Doe 1, Doe 2, etc. For each defendant, Plaintiff must also allege the actions that they took which he contends were a violation of his federal rights.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for violation of his federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

---

[2] Plaintiff also brings supplemental state claims which the Court declines to address as Plaintiff has not stated a federal claim.

7

556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **June 15, 2018**

UNITED STATES MAGISTRATE JUDGE