# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN S. BULGARA,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00804-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 5)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

    Plaintiff Juan S. Bulgara, Jr. is a pretrial detainee proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. On June 15, 2018, Plaintiff's complaint was screened and the Court found he had failed to state a cognizable claim. (ECF No. 4.) Plaintiff was granted leave to file an amended complaint. (Id.) Currently before the Court is Plaintiff's first amended complaint filed on July 13, 2018. (ECF No. 5.)

## I.

## SCREENING REQUIREMENT

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff is a pretrial detainee in the custody of the Lerdo Pre-Trial Facility in Bakersfield, California. On June 7, 2016, at approximately 10:00 p.m., Plaintiff was a passenger in a vehicle that was the subject of an undercover sting operation by the Stanislaus County Sheriff's Office, Modesto Police Department, and Turlock Police Department. (First Am. Compl. ("FAC") 5,[1] ECF No. 5.) The vehicle was parked in a parking lot on W. Main Street in Turlock, California. (Id.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

In his original complaint, Plaintiff alleged that he was in a vehicle driven by Omar Villagomez. (Compl. 6, ECF No. 1.)

After interacting with an undercover officer, an unmarked truck driven by two unidentified individuals (Doe 1 and Doe 2) pulling up at high speed. (Id.) The vehicle Plaintiff was in attempted to exit the parking lot and and, after driving approximately 10 feet, the truck collided with them. (Id.) Doe 1 and Doe 2 exited the truck, and without identifying themselves as officers, fired two high caliber assault rifles into the vehicle approximately 20 to 30 times. (Id.) The driver of the vehicle was shot and killed. (Id.) Plaintiff raised his hands in the air, informing the officers that the driver was injured and needed an ambulance. (Id.)

After Doe 1 and Doe 2 stopped shooting, Doe 3 fired a "lead shot" bean bag into the passenger side window. (FAC 5-6.) The bean bag casing ripped causing the lead shot to hit Plaintiff causing injury. (FAC 6.)

Plaintiff brings this action against the County of Stanislaus; Stanislaus County Sheriff's Department; Modesto Police Department; Turlock Police Department; and Does 1, 2, and 3 alleging excessive force in violation of the Fourth Amendment and state law claims of assault and battery and negligence. Plaintiff is seeking monetary damages.

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

///

A.  **Excessive Force in Violation of the Fourth Amendment**

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014); Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008). The reasonableness inquiry in excessive force cases is whether the officer's actions were " 'objectively reasonable' in light of the facts and circumstances confronting" him. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010) (quoting Graham v. Conner, 490 U.S. 386, 396 (1989)). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.

The "relevant factors in the Fourth Amendment reasonableness inquiry include '[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.' " Smith, 394 F.3d at 701 (quoting Graham, 490 U.S. at 396). The Supreme Court has held that where an officer has probable cause to believe that a suspect poses a threat of serious physical harm, either to the officer or to others, it is not unconstitutionally unreasonable to use deadly force. Tennessee v. Garner, 471 U.S. 1, 12 (1985).

Plaintiff alleges that Does 1 and 2 used excessive force by firing into the vehicle after it collided with their vehicle while attempting to flee the area. First, as Plaintiff was previously advised, Fourth Amendment rights are personally rights that cannot be asserted vicariously. Plumhoff, 134 S. Ct. at 2022. Stopping the driver of a vehicle does not constitute a seizure of a passenger. Troupe v. Sarasota Cty., Fla., 419 F.3d 1160, 1167 (11th Cir. 2005). "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of

movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied." Brower v. Cty. of Inyo, 489 U.S. 593, 596–97 (1989). "It is intervention directed at a specific individual that furnishes the basis for a Fourth Amendment claim." Troupe, 419 F.3d at 1166–67 (11th Cir. 2005) (quoting Landol–Rivera v. Cruz Cosme, 906 F.2d 791, 796 (1st Cir.1990)). The fact that the officers intended to restrain the driver of the vehicle does not provide the basis for a Fourth Amendment violation for the passengers in the vehicle. Medeiros v. O'Connell, 150 F.3d 164, 169 (2d Cir. 1998). Therefore, Plaintiff cannot base his Fourth Amendment claim on the force used against the decedent who was driving the vehicle that collided with the police car while attempting to evade arrest.

Additionally, the Court notes that Plaintiff does not allege that he suffered any physical injury due to Does 1 and 2 firing into the vehicle. His injuries were incurred due to the bean bag that was fired into the vehicle after Does 1 and 2 had stopped shooting. The constitution does not protect against de minimus injury.[2] Jackson v. City of New York, 939 F.Supp.2d 235, 253 (E.D. N.Y. 2013); Bishop v. San Quentin State Prison Work Place, No. C 01-3411 SI (PR), 2002 WL 1767416, at *4 (N.D. Cal. July 29, 2002). A claim that force was used which causes no discernable injury almost certainly fails to state an excessive force claim. Standing Rock v. Cascade Cty. Reg'l Prison, No. CV 13-36-GF-DWM-RKS, 2013 WL 3070914, at *3 (D. Mont. June 17, 2013).

Here, Plaintiff alleges that Does 1 and 2 fired into the vehicle and the shots fired killed the driver. The allegations reasonably lead the Court to infer that the shots were fired at the driver of the vehicle and, since Plaintiff suffered no injury due to the use of force by Does 1 and 2, not at Plaintiff. The allegations in the complaint are insufficient to state a claim for the use of excessive force against Plaintiff by Does 1 and 2. For these reasons, the Court finds that Plaintiff has failed to state an excessive force claim against Does 1 and 2.

At the pleading stage, the allegation that while Plaintiff was compliant with his hands raised in the air, Doe 3 fired a bean bag into the passenger side of the vehicle causing him injury

---

[2] The Court recognizes that the Ninth Circuit has suggested it does not require that the injury be more than de minimus but considers whether the force used was more than de minimus in determining if an inmate states an excessive force claim. Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002).

5

is sufficient to state an excessive force claim.

### B. <u>Monell</u> Claims

Plaintiff alleges that the County of Stanislaus had duty to supervise manage and control the use of force by its officers and the additional agencies that participated in the incident. Plaintiff contends that the County of Stanislaus has a number of policies and procedures the violated the Fourth Amendment.

As Plaintiff was previously advised, under section 1983 a local government unit may not be held responsible for the acts of its employees under a <u>respondeat superior</u> theory of liability. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. <u>Waggy v. Spokane County Washington</u>, 594 F.3d 707, 713 (9th Cir. 2010).

To state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. <u>Los Angeles Cty., Cal. v. Castro</u>, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." <u>Castro</u>, 833 F.3d at 1076.

Here, Plaintiff has merely stated that certain policies exist without alleging any facts by which the Court can reasonably infer that such policies do exist or that the municipality's policy makers were on actual or constructive notice of the policies alleged. Plaintiff's conclusory allegation that a custom or policy exists is not entitled be accepted as true. <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable claim. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

Plaintiff's complaint sets forth a single incident of the use of force during a sting operation in which the driver of the vehicle attempted to flee and collided with the officers' vehicle. "Liability for improper custom may not be predicated on isolated or sporadic incidents;

it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiff's complaint is devoid of any factual allegations by which the Court could reasonably infer that a custom or policy of excessive force exists or that the entities ratified the actions of the officers. Iqbal, 556 U.S. at 678-79.

Plaintiff has failed to state a cognizable claim against the County of Stanislaus, Modesto Police Department, Turlock Police Department, or Stanislaus County Sheriff's Office.

### C. State Law Claims

Plaintiff also alleges claims of assault and battery, and negligence against Does 1, 2, and 3. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Court has supplemental jurisdiction over the state law claims alleged against Does 1 and 2 as they form part of the same case and controversy.

The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

Here, Plaintiff has alleged that he filed claims with the County of Stanislaus, City of Modesto, and City of Turlock which were rejected. (FAC 9.)

1. Assault and Battery

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242; 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

For a civil battery claim in California, Plaintiff must prove "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." Brown v. Ransweiler, 171 Cal.App.4th 516, 526 (2009). Where the defendant is a peace officer, the plaintiff must also prove that the use of force was unreasonable. Ransweiler, 171 Cal.App.4th at 526.

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

While Plaintiff alleges that Does 1 and 2 fired into the vehicle in which he was a passenger, he does not allege a harmful or offensive contact with his person. Based on the allegations in the complaint, while the driver of the vehicle was struck and killed, Plaintiff was not injured by the shooting. Therefore, Plaintiff has failed to state a battery claim against Does 1 and 2. However, the allegations that Does 1 and 2 fired shots into the vehicle is sufficient to state a claim for assault.

Plaintiff does allege that Doe 3 fired a bean bag into the passenger side of the vehicle and that he was struck by the contents when the bag ruptured causing him injury. This is sufficient at

8

the pleading stage to state a claim for assault and battery.

### 2. Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Ransweiler, 171 Cal.App.4th at 534.

Plaintiff alleges that Does 1, 2, and 3 had a duty to refrain from causing him injury due to their gross negligence. Plaintiff contends that Does 1 and 2 were negligent by firing 20 to 30 shots into a vehicle in which he was a passenger, and Doe 3 was negligent by firing a bean bag containing lead BBs into the glass window of the vehicle causing him injury. At the pleading stage, the allegations in the complaint are sufficient to state a claim for negligence against Does 1, 2, and 3.

### 3. Vicarious Liability

Plaintiff alleges that Does 1, 2, and 3 are agents of the County of Stanislaus. "Under the doctrine of respondeat superior, an employer may be held vicariously liable for torts committed by an employee within the scope of employment." Mary M. v. City of Los Angeles, 54 Cal.3d 202, 208 (1991); accord Robinson v. Solano Cty., 278 F.3d 1007, 1016 (9th Cir. 2002). California Government Code section 815.2 provides that, unless the employee is immune from liability, public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). "[A] governmental entity can be held vicariously liable when a police officer acting in the course and scope of employment uses excessive force or engages in assaultive conduct." Mary M., 54 Cal.3d at 215.

Plaintiff has stated a claim that the County of Stanislaus is vicariously liable for the acts of Does 1, 2, and 3. However, the first amended complaint is devoid of any factual allegations to impose liability on any other entity defendant.

9

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint states a claim against Doe 3 for excessive force in violation of the Fourth Amendment and assault and battery and negligence under California law; Does 1 and 2 for assault and negligence under California law; and the County of Stanislaus for vicarious liability on the state law claims.[3] However, Plaintiff has failed to state any other cognizable claims. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for excessive force in violation of the Fourth Amendment or his state law claims, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed against Doe 3 for excessive force in violation of the Fourth Amendment and assault and battery and negligence under California law; Does 1 and 2 for assault and negligence under California law; and the County of Stanislaus for vicarious liability on the state law claims;

2. All remaining claims be dismissed without leave to amend; and

3. Defendants Modesto Police Department, Turlock Police Department, and Stanislaus County Sheriff's Office be dismissed from this action based on Plaintiff's failure to state a cognizable claim.

---

[3] Plaintiff has named unidentified or "Doe Defendants." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. Plaintiff will be required to amend his complaint to identify the Doe defendants so they can be served in this action.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 30, 2018**

UNITED STATES MAGISTRATE JUDGE