# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN S. BULGARA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00804-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING DOE DEFENDANTS FOR FAILURE TO SERVE IN COMPLIANCE WITH RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 19)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Juan S. Bulgara ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the County of Stanislaus's ("Defendant") motion for summary judgment filed on December 30, 2019.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed this action against the County of Stanislaus, the Modesto Police Department; the Turlock Police Department; the Stanislaus County Sheriff's Office; Chief of the Modesto Police Department, Coalen Carrol; Chief of the Turlock Police Department, Ninus C. Amirsar; Sheriff of the County of Stanislaus, Adam Christianson, and three unidentified officers. (ECF No. 1.) On June 15, 2018, a screening order issued finding that Plaintiff had failed to state

a cognizable claim and granting him leave to file an amended complaint within thirty days. (ECF No. 4.)

Plaintiff filed a first amended complaint on July 13, 2018. (ECF No. 5.) On July 31, 2018, findings and recommendations issued recommending that this action proceed against Doe 3 for excessive force in violation of the Fourth Amendment and assault and battery under California law; Does 1 and 2 for assault and negligence under California law, and the County of Stanislaus for vicarious liability on the state law claims. (ECF No. 6.) It was recommended that the remaining claims be dismissed for failure to state a claim and all other defendants be dismissed for Plaintiff's failure to state a claim. (Id.)

On November 14, 2018, District Judge Dale A. Drozd adopted the findings and recommendations and the matter was referred back to the magistrate judge to initiate service of process. (ECF No. 7.) This action is proceeding against Doe 3 for excessive force in violation of the Fourth Amendment and assault and battery and negligence under California law; Does 1 and 2 for assault and negligence under California law; and the County of Stanislaus for vicarious liability on the state law claims. (Id.) On this same date, an order issued authorizing service of the complaint and forwarding the service documents to Plaintiff for completion and return. (ECF No. 8.)

Plaintiff submitted the service documents on December 10, 2018, and the documents were forwarded to the United States Marshal for service of process on December 19, 2018. (ECF No. 9, 10.) On January 2, 2019, the County of Stanislaus returned a waiver of service and an answer was filed on January 10, 2019. (ECF No. 11, 12.) On February 20, 2019, the discovery and scheduling order issued opening discovery and setting pretrial dates. (ECF No. 16.)

On December 30, 2019, the County of Stanislaus filed the instant motion for summary judgment.[1] (ECF No. 19.) Plaintiff did not file an opposition to the motion. The motion was

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by Defendant in the motion for summary judgment. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

2

deemed submitted to the magistrate judge for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules 230(l) and 302(c)(17).

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

At the time of filing the complaint, Plaintiff was a pretrial detainee in the custody of the Lerdo Pre-Trial Facility in Bakersfield, California. The incidents in the complaint are based upon an undercover investigation which resulted in an officer involved shooting.

On June 7, 2016, at approximately 10:00 p.m., Plaintiff was a passenger in a vehicle that was the subject of an undercover sting operation by the Stanislaus County Sheriff's Office, Modesto Police Department, and Turlock Police Department. (First Am. Compl. ("FAC") 5,[2] ECF No. 5.) The vehicle was parked in a parking lot on W. Main Street in Turlock, California. (Id.)

After the occupants of the vehicle had interacted with an undercover officer, an unmarked truck driven by two unidentified individuals (Doe 1 and Doe 2) pulled up at high speed. (Id.) The vehicle in which Plaintiff was a passenger attempted to exit the parking lot and, after driving approximately 10 feet, the truck collided with them. (Id.) Doe 1 and Doe 2 exited the truck, and without identifying themselves as officers, fired two high caliber assault rifles into the vehicle approximately 20 to 30 times. (Id.) The driver of the vehicle was shot and killed. (Id.) Plaintiff raised his hands in the air, informing the officers that the driver was injured and needed an ambulance. (Id.)

After Doe 1 and Doe 2 stopped shooting, Doe 3 fired a "lead shot" bean bag into the passenger side window. (FAC 5-6.) The bean bag casing ripped causing the lead shot to hit Plaintiff causing injury. (FAC 6.)

Plaintiff brings this action against the County of Stanislaus; Stanislaus County Sheriff's Department; Modesto Police Department; Turlock Police Department; and Does 1, 2, and 3 alleging excessive force in violation of the Fourth Amendment and state law claims of assault

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

and battery and negligence. Plaintiff is seeking monetary damages.

## III.

## SUMMARY JUDGMENT LEGAL STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case...." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## IV.

## DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiff has failed to amend his complaint to name the Doe defendants and that no officer involved in the shooting was employed by the County of Stanislaus. Defendant argues that since the Doe defendants against whom the state law claims are proceeding are not employed by the County of Stanislaus, Defendant cannot be held vicariously liable in this action.

### A. Undisputed Facts

1. On June 7, 2016, Plaintiff was injured when Doe Defendants 1, 2, and 3 fired bullets and a bean bag round into a vehicle in which he was a passenger. (FAC at 5-6.)

2. The incident occurred during an undercover drug operation conducted by the Stanislaus Drug Enforcement Agency ("SDEA".) (Decl. of Jason Cook in Supp. of MSJ ("Cook Decl."), ¶ 2, ECF No. 19-3; Decl. of Jesse Ruelas in Supp. of MSJ ("Ruelas Decl."), ¶¶ 2, 3, ECF No. 19-4; Decl. of Oscar Alvarez in Supp. of MSJ ("Alvarez Decl."), 2 5, ECF No. 19-5.)

3. The SDEA is comprised of contributing agencies within Stanislaus County. On June 7, 2016, the Modesto Police Department controlled the daily operations and managed the fiduciary responsibilities of the SDEA. (Cook Decl., ¶ 2.)

4. The 2016 undercover operation was under the exclusive direction and control of the Modesto Police Department. The only Stanislaus County employees involved in the operation were Stanislaus County Sheriff Office Deputy Jesse Ruelas and Stanislaus County Probation Officer Oscar Alveraz. (Cook Decl., ¶ 3; Ruelas Decl. ¶ 4; Alvarez Decl. ¶ 4.)

5. On June 7, 2016, Oscar Alvarez was employed by Stanislaus County as a probation officer. His assignment in the operation was as an undercover officer who would, along with a confidential informant, contact the suspects and confirm they had narcotics in their

1  possession. (Alvarez Decl. ¶¶ 1, 3.)

2      6.    Oscar Alvarez made contact with the suspects and confirmed they had narcotics in their possession. He then walked away from their vehicle under the pretense of getting the money for the buy and gave the "bust" sign. The confidential informant and Oscar Alvarez continued to walk away and got in a vehicle driven by a Modesto Police Department officer and were taken from the area. Oscar Alvarez heard, but did not see, something that sounded like a vehicle collision and several shots. He does not know who fired the shots. (Alvarez Decl. ¶ 5.)

    7.    The vehicle Oscar Alvarez was in as he was leaving the area did not have physical contact with the suspects' vehicle and he did not fire any weapons during the operation. (Alvarez Decl. ¶ 6.)

    8.    On June 7, 2016, Jesse Ruelas was employed by the County of Stanislaus as a deputy sheriff. His assignment in the operation was surveillance. He was driving an undercover vehicle equipped with video surveillance cameras and audio equipment that was used to monitor the body wires being worn by the undercover officer and the confidential informant who would contact the suspects. (Ruelas Decl. ¶¶ 1, 2, 3.)

9. When Officer Alvarez gave the "bust" signal, the arrest teams, in two vehicles, pulled up to the suspects' vehicle. As the arrest teams began exiting their vehicles, the suspects' car, in an attempt to escape, backed up and collided with one of the arrest team vehicles. It then accelerated forward. Jesse Ruelas heard several shots but does not know who fired the shots. (Ruelas Decl. ¶ 5.)

    10.    Jesse Ruelas was in the surveillance vehicle during the entire operation. The vehicle he was in did not have physical contact with the suspects' vehicle and he did not fire any weapons during the operation. (Ruelas Decl. ¶ 6.)

    11.    The officer involved shooting was investigated by the Turlock Police Department. It appears, but is not known for certain, the officers that fired their weapons were employed by the City of Modesto. Neither Ruelas nor Alvarez fired their weapons during the operation. (Cook Decl. ¶ 4.)

///

**B.     Failure to Name the Doe Defendants**

The findings and recommendations contained the following advisement.

> Plaintiff has named unidentified or "Doe Defendants." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. Plaintiff will be required to amend his complaint to identify the Doe defendants so they can be served in this action.

(ECF No. 6 at 10 n.5.) Further in the order authorizing service of the first amended complaint, Plaintiff was advised,

> The United States Marshal cannot initiate service of process on unknown Defendants. Therefore, before the Court orders the United States Marshal to serve the Doe defendants, Plaintiff will be required to identify the defendants with enough information to locate the defendant for service of process. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of a Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. Therefore, the Court will not send Plaintiff the appropriate service documents until such time that Plaintiff ascertains the identities of the Doe defendants and files an amended complaint. However, Plaintiff is advised that if he fails to identify the Doe defendant during the course of discovery and file an amended complaint, the Doe defendant will be dismissed from this action[.]

(ECF No. 8 at 2.) Plaintiff was further advised that "[t]he failure to comply with this order will result in dismissal of this action." (Id.)

The February 20, 2019 scheduling order provided that any motion to amend the pleadings had to be filed on or before August 20, 2019. (ECF No. 16 at 2.) Discovery in this action closed on October 20, 2019. (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

> In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of

the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The 90-day deadline under Rule 4(m) applies to service on Doe Defendants. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F.Supp.3d 1147, 1158 (C.D. Cal. 2018); Tabi v. Doe, No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

Here, despite multiple advisements that he was required to amend his complaint to identify the defendants so that the complaint could be served, Plaintiff has failed to amend his complaint or otherwise provide sufficient information for the United States Marshal to serve the complaint. Further, Plaintiff was served with the motion for summary judgment which addresses his failure to identify the Doe defendants and has not filed an opposition to the motion. (ECF No. 19-6.)

A court may dismiss a defendant, a claim or an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

rules).

In this instance, the deadline to amend the pleadings, and the discovery cut-off deadline have passed (ECF No. 16) without Plaintiff filing anything to indicate that he has ascertained the true name of the three unidentified defendants in this action. Plaintiff has failed to comply with the orders to identify the defendants, the deadline to do so has passed, and Plaintiff has not served the unidentified defendants in compliance with Rule 4(m). Further, Plaintiff was served with the instant motion and has failed to file an opposition or otherwise respond. Accordingly, dismissal of Doe Defendants 1, 2, and 3 is warranted. The Court recommends that Doe Defendants 1, 2, and 3 be dismissed from this action for Plaintiff's failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

**C.     Vicarious Liability**

In this action, the only federal claim was against Defendant Doe 3 for excessive force in violation of the Fourth Amendment. Plaintiff also stated state law claims of assault and battery and negligence against Defendants Doe 1 and 2 and a vicarious liability claim against the County of Stanislaus. Having found Plaintiff failed to serve the Doe defendant on the federal claim at issue in this action, no federal claims remain over which this Court has original jurisdiction. See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."). Having recommended dismissal of the Doe defendants, the only claim remaining is the state law claim of vicarious liability over which the Court has supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). The Court considers whether it should continue to exercise supplemental jurisdiction over the state law vicarious liability claim.

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). As relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing

every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003). Once the federal claim on which jurisdiction exists has been proven to be unfounded at summary judgment, this allows courts to avoid determining issues of state law. Trustees of Constr. Indus. & Laborers Health & Welfare Tr., 333 F.3d at 925; Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1169 (9th Cir. 2002).

Here, the vicarious liability claims are part of the same case and controversy. Plaintiff seeks to hold the county liable for the acts of its agents on which the federal claim was based. "[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie–Mellon Univ., 484 U.S. at 350 n.7).

Although the federal claim has been dismissed from this action, given the age of the case, stage of the proceedings, and the fact that the current motion is based upon a settled area of state law, the Court will exercise its discretion to over the remaining state law claim.

"Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for torts committed by an employee within the scope of employment." Mary M. v. City of Los Angeles, 54 Cal.3d 202, 208 (1991); accord Robinson v. Solano Cty., 278 F.3d 1007, 1016 (9th Cir. 2002). California Government Code section 815.2 provides that, unless the employee is immune from liability, public entities are "liable for injury proximately caused by an act or

1 omission of an employee of the public entity within the scope of his employment if the act or
2 omission would . . . have given rise to a cause of action against that employee or his personal
3 representative." Cal. Gov't Code § 815.2(a).  "[A] governmental entity can be held vicariously
4 liable when a police officer acting in the course and scope of employment uses excessive force or
5 engages in assaultive conduct." Mary M., 54 Cal.3d at 215.

6     In his first amended complaint, Plaintiff alleged that members of the Stanislaus County
7 Sheriff's Office coordinated a sting operation alongside the Modesto and Turlock Police
8 Departments.  (FAC at 5.)  When an unmarked car with two plainclothes police officers
9 accelerated toward their vehicle, the vehicle he was in attempted to exit the parking lot, and the
10 unmarked car collided with the vehicle he was in.  (Id.)  The two plainclothes officers exited the
11 vehicle and fired twenty to thirty shots from a high powered assault weapon into the vehicle.
12 (Id.)  After the gunfire stopped, a third officer fired a bean bag into the passenger window
13 shattering the glass and causing significant injury to Plaintiff.  (Id. at 6.)  Plaintiff alleged that the
14 three unidentified defendants were "servants" of the County of Stanislaus.  (Id. at 9.)

15     Defendant presents evidence that the undercover operation on June 7, 2016, was under
16 the exclusive and direct control of the Modesto Police Department.  (U.F. 4.)  There were only
17 two employees of the County of Stanislaus that were involved in the undercover operation.  (U.F.
18 4.)  Probation Officer Alvarez was assigned as an undercover officer and contacted the suspects
19 along with the confidential informant.  (U.F. 6.)  After he confirmed that the suspects had
20 narcotics in their possession, he walked away from the vehicle under the pretext of getting
21 money and gave the "bust" signal.  (U.F. 6.)  At that time, he and the confidential informant got
22 into a vehicle driven by a Modesto Police Department officer and were taken from the area.
23 (U.F. 6.)  As they were driving away, he heard the crash and gunshots, but he did not see the
24 shooting nor did he discharge any weapon during the undercover operation.  (U.F. 6, 7.)

25     The other County of Stanislaus employee involved, Deputy Ruelas, was assigned to do
26 surveillance during the investigation.  (U.F. 8.)  Deputy Ruelas was driving an undercover
27 vehicle that was equipped with video surveillance cameras and audio equipment that was being
28 used to monitor the body wires worn by the undercover officer and the confidential informant.

1 (U.F. 8.) After the bust signal was given, he saw the arrest teams pull up in two vehicles and officers exited their vehicles. (U.F. 9.) As the suspects vehicle attempted to escape, it backed up and collided with one of the arrest team vehicles. (U.F. 9.) The vehicle accelerated forward and Deputy Ruelas heard the shots, but does not know who fired the shots. (U.F. 9.) Deputy Ruelas was in the surveillance vehicle during the entire operation, did not have contact with the suspects vehicle, and did not fire any weapons during the operation. (U.F. 10.)

The Turlock Police Department investigated the shooting and it appears that the officers who fired their weapons during the operation were employed by the City of Modesto. (U.F. 11.) Defendant argues that the County of Stanislaus can only be liable on state law claims if the Doe defendants were its employees. Defendant contends that evidence has presented that the employees who discharged their weapons were not employees of the County of Stanislaus so Defendant is not liable for the alleged negligence or assault and battery.

Defendants have met their burden of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' " that "demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322. Therefore, the burden shifts to Plaintiff to establish that a genuine issue of material fact actually does exist. Matsushita Elec. Indus. Co., 475 U.S. at 586.

A party cannot oppose a properly made motion for summary judgment by merely relying on the allegations in his pleadings, but must come forward with evidence to demonstrate that a genuine issue of material fact exists. Celotex Corp., 477 U.S. at 325; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see also Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (Pursuant to Federal Rule of Civil Procedure 56(e), a non-moving plaintiff cannot "rest upon the mere allegations or denials of the adverse party's pleading" but must instead produce evidence that "set[s] forth specific facts showing that there is a genuine issue for trial."). Plaintiff has failed to meet his burden of demonstrating that a genuine issue of material fact exists in this action.

Under the "doctrine of *respondeat superior*, a principal or employer is *vicariously liable*

for the acts of an agent or employee committed in the course of employment." Lathrop v. HealthCare Partners Med. Grp., 114 Cal.App.4th 1412, 1421 (2004), as modified on denial of reh'g (Feb. 11, 2004). The vicarious liability of an employer "is wholly dependent upon or derived from the liability of the employee." Lathrop, 114 Cal.App.4th at 1423. For the doctrine of *respondeat superior* to apply in this action, Plaintiff must prove the employee's tortious conduct was committed within the scope of employment. Mary M., 54 Cal.3d at 209.

Here, Defendant has presented evidence that the undercover operation was controlled by the Modesto Police Department and that no County of Stanislaus employee was involved after the bust signal was given, had contact with the suspects, or the suspect vehicle nor did any County of Stanislaus employee discharge a weapon during the incident.

Plaintiff has failed to present any evidence that the County of Stanislaus was responsible for the undercover operation on June 7, 2016, or that the officers who rushed in after the bust signal was given and discharged their weapons on June 7, 2016 were acting in the scope of employment with or were agents of the County of Stanislaus. Based on the allegations in the complaint and the evidence before the Court, no reasonable jury could find that the County of Stanislaus was liable in this action. Accordingly, the Court recommends that County of Stanislaus' motion for summary judgment be granted.

## V.

## CONCLUSION AND RECOMMENDATION

Plaintiff has failed to serve the Doe defendants in this action in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. Further, Plaintiff has not opposed the County of Stanislaus' motion for summary judgment and has presented no evidence to create a genuine issue of material fact that the County of Stanislaus is vicariously liable in this action.

Accordingly, IT IS HEREBY RECOMMEDED that:

1. Doe Defendants 1, 2, and 3 be DISMISSED from this action for Plaintiff's failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure; and

2. Defendant County of Stanislaus motion for summary judgment be GRANTED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14)** days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2020**

UNITED STATES MAGISTRATE JUDGE